**EXHIBIT A**

12/10/2020 8:53 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 48814424
By: Carolina Salgado
Filed: 12/10/2020 8:53 AM

NO. _____

| | | |
|---|---|---|
| **RASHANETTE GUIDRY,** | § | **IN THE DISTRICT COURT** |
| **BRASHANNA LEDET AND KAVION** | § | |
| **LEDET** | § | |
| **Plaintiffs,** | § | |
| | § | |
| **V.** | § | **_____ JUDICIAL DISTRICT** |
| | § | |
| **JOHN DOE and** | § | |
| **AIRGAS USA, LLC** | § | |
| **Defendant.** | § | **OF HARRIS COUNTY, TEXAS** |

<u>**PLAINTIFFS' ORIGINAL PETITION**</u>

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COME Rashanette Guidry, Brashanna Ledet and Kavion Ledet, hereinafter called Plaintiffs, complaining of and about John Doe and Airgas USA, LLC, hereinafter called Defendants, and for cause of action show unto the Court the following:

**DISCOVERY CONTROL PLAN LEVEL**

1. Plaintiffs intend that discovery be conducted under Discovery Level 3.

**PARTIES AND SERVICE**

2. Plaintiff, Rashanette Guidry, is an Individual whose address is 14144 Mueschke Rd. Apt. 3202, Cypress, Texas 77433.

3. Plaintiff, Brashanna Ledet, is an Individual whose address is 14144 Mueschke Rd. Apt. 3202, Cypress, Texas 77433.

4. Plaintiff, Kavion Ledet, is an Individual whose address is 14144 Mueschke Rd. Apt. 3202, Cypress, Texas 77433.

5. Defendant John Doe, an individual and employee or agent of Airgas USA, LLC, is a resident of Texas and may be served with process at the following address: 1999 Bryan

Street, Suite 900, Dallas, TX. Service of said Defendant as described above can be effected by personal delivery.

6. Defendant Airgas USA, LLC, a limited liability company, may be served by and through its registered agent, CT Corporation System, who has agreed to accept service at 1999 Bryan Street, Suite 900, Dallas, TX. Service of said Defendant as described above can be effected by certified mail.

## JURISDICTION AND VENUE

7. The subject matter in controversy is within the jurisdictional limits of this court.

8. Plaintiffs seek monetary relief over $1,000,000.

9. This court has jurisdiction over the parties because Defendants are Texas residents.

10. Venue in Harris County is proper in this cause under Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in this county.

## FACTS

11. On January 28, 2020, Defendant John Doe was driving a truck for Airgas USA, LLC traveling west bound on Interstate Highway 610 at the 5800 block of South Loop East.

12. Plaintiffs Rashnette Guidry, Brashanna Ledet, and Kavion Ledet were traveling in the same direction as the Defendant.

13. Defendant, John Doe, was in the lane to the right of the plaintiffs right just ahead of them.

14. While the Defendant was traveling in the same direction of the plaintiffs, a gas tank or storage vessel became detached from his truck and struck the font passenger side

windshield and causing it to shatter.

15. The Defendant fled the scene, but the Plaintiff, Rashnette Guidry, was able to identify a part of the license plate of the vehicle defendant John Doe was driving.

16. In the spot where the gas tank or storage vessel struck, glass flew into the car on the passenger side and into the eyes of Plaintiff, Brashanna Ledet.

17. Brashanna Ledet was transported to the hospital by ambulance when EMS was unable to flush the glass from her eyes completely. She later sought medical treatment from private physicians and facilities, incurring expenses for which they are personally responsible.

18. All of the Plaintiffs suffered great mental, emotional and psychological harm due to the accident.

## PLAINTIFFS' CLAIM OF
## NEGLIGENCE AGAINST JOHN DOE

19. John Doe had a duty to exercise the degree of care that a reasonably careful person would use to avoid harm to others under circumstances similar to those described herein.

20. Plaintiffs' injuries were proximately caused by John Doe's negligent, careless and reckless disregard of said duty.

21. The negligent, careless and reckless disregard of duty of John Doe consisted of, but is not limited to, the following acts and omissions:

       A. In that John Doe failed to keep a proper lookout for Plaintiffs' safety that would have been maintained by a person of ordinary prudence under the same or similar circumstances;

       B. In that John Doe failed to properly secure items to his vehicle in a safe manner that would have occurred by a person of ordinary prudence under the same or similar circumstances.

## PLAINTIFFS' CLAIM OF
## RESPONDEAT SUPERIOR AGAINST AIRGAS USA, LLC

22. At the time of the occurrence of the act in question and immediately prior thereto, John Doe was acting in his capacity as an agent, servant, representative and/or employee and within the course and scope of employment for Defendant Airgas USA, LLC.

23. At the time of the occurrence of the act in question and immediately prior thereto, John Doe was engaged in the furtherance of Defendant Airgas USA, LLC's business.

24. At the time of the occurrence of the act in question and immediately prior thereto, John Doe was engaged in accomplishing a task for which Airgas USA, LLC was employed.

25. Plaintiffs invoke the doctrine of Respondent Superior as against Defendant Airgas USA, LLC and it should be held vicariously responsible for the acts and omission of its agent and/or employee and/or servant.

## DAMAGES FOR PLAINTIFF, RASHANETTE GUIDRY

26. As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff, Rashanette Guidry was caused to suffer injury, and to incur the following damages:

   A. Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff, Rashanette Guidry for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services in Harris County, Texas;

   B. Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;

   C. Loss of enjoyment;

   D. Duties under duress;

   E. Mental anguish in the past; and

   F. Mental anguish in the future.

## DAMAGES FOR PLAINTIFF, BRASHANNA LEDET

27. As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff, Brashanna Ledet was caused to suffer injury, and to incur the following damages:

   A. Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff, Brashanna Ledet for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services in Harris County, Texas;

   B. Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;

   C. Physical pain and suffering in the past;

   D. Physical pain and suffering in the future;

   E. Loss of enjoyment;

   F. Mental anguish in the past; and

   G. Mental anguish in the future.

## DAMAGES FOR PLAINTIFF, KAVION LEDET

28. As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff, Kavion Ledet was caused to suffer injury, and to incur the following damages:

   A. Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff, Kavion Ledet for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services in Harris County, Texas;

   B. Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;

   C. Loss of enjoyment;

   D. Mental anguish in the past; and

   E. Mental anguish in the future.

## REQUEST FOR DISCLOSURE

29. Pursuant to Rule 194.1 et seq. of the Texas Rules of Civil Procedure, Plaintiffs hereby request Defendants to disclose the information or material described in Rule 194.2 within fifty (50) days of the service of this request at the office of the undersigned.

## PRESERVING EVIDENCE

30. Plaintiffs hereby request and demand that Defendants preserve and maintain all evidence pertaining to any claim or defense related to the incident made the basis of this lawsuit or damages resulting therefrom, including statements, photographs, videotapes, audiotapes, surveillance or security tapes or information, business or medical records, incident reports, telephone call slips or records, estimates, invoices, checks, measurements, correspondence, facsimiles, email, voicemail, text messages, any evidence involving the incident in question, and any electronic images or information related to the referenced incident or damages.

31. Failure to maintain such items will constitute "spoliation" of evidence.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs, Rashanette Guidry, Brashanna Ledet and Kavion Ledet, respectfully pray that the Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiffs against Defendant for damages in an amount within the jurisdictional limits of the Court; together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which the Plaintiffs may be entitled at law or in equity.

Respectfully submitted,

**DORAN & CAWTHORNE P.L.L.C.**

By: _____
GREGORY C. HARDMON 24074357
PRIDE J. DORAN 24054084
QUINCY L. CAWTHORNE 24059551
DWAZENDRA J. SMITH 24094289
JONATHAN C. FRANK 24090980
Email:  greg@doranlawfirm.com
    pride@doranlawfirm.com
    cawthorne@doranlawfirm.com
    dwa@doranlswfirm.com
    jf@doranlawfirm.com
5444 Westheimer Road, Suite 1000
Houston, Texas 77056
Tel. (832) 323-6433
Fax. (832)572-3308
Attorneys for Plaintiffs
Rashanette Guidry, Brashanna Ledet and Kavion Ledet